UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN GUSTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOSKOCIL MANUFACTURING CO., )<br>)<br>Defendant. )<br>) | 2:15-cv-00589-RCJ-CWH<br><br>ORDER |

These consolidated cases arise out of a shooting resulting from an allegedly defective gun case. Pending before the Court is a Motion to Dismiss (ECF No. 139 in Case No. 2:14-cv-700). For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

On August 9, 2012, Carmen Gustin's ten-year-old son Cole was playing in his home when he found a Doskocil gun case secured with two padlocks. (Second Am. Compl. ¶¶ 9–10, ECF No. 135 in Case No. 2:14-cv-700). Without unlocking or removing either lock, Plaintiff pulled a pistol out of the case and shot himself in the head, causing serious injury. (*Id.* ¶ 12).

On March 20, 2014, Cole sued Defendants Plano Molding Co. ("Plano") and Doskocil Manufacturing Co. ("Doskocil") in state court through his guardian ad litem, Carmen, for strict liability and negligence. Plano removed, and the case was assigned to this Court as case number

2:14-cv-700.  Plano moved for summary judgment based on evidence that it had not obtained the molds to make cases like the one at issue here until after the case was sold.  The Court granted the motion, leaving Doskocil as the sole remaining Defendant in the '700 Case.  Those claims remain for trial.

On November 17, 2014, Carmen sued Plano and Doskocil in state court on her own behalf for strict liability, negligence, and negligent infliction of emotional distress ("NIED").  Defendants removed the First Amended Complaint ("FAC"), and the case was assigned to Judge Mahan as case number 2:15-cv-589.  The parties stipulated to consolidate the '589 Case into the '700 Case, with the latter case as the lead case.  Doskocil moved to dismiss the FAC based on the statute of limitations, and the Court granted the motion, with leave to amend to allege facts concerning the discovery rule.  Carmen has filed the Second Amended Complaint ("SAC"),[1] and Doskocil has moved to dismiss it under the statute of limitations, arguing that the discovery rule does not apply to the claims in this case.

## II. DISCUSSION

Because a statute of limitations is an affirmative defense, a court cannot dismiss based thereupon unless the defense appears on the face of the pleading to be dismissed. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

---

[1] The caption of the SAC lists case number 2:14-cv-700.  That appears to have been in error.  Cole's claims are at issue in the '700 Case.  In that case, Cole's claims for strict liability and negligence remain as against Doskocil.  The SAC is an amendment of Carmen's claims in the '589 Case for NIED, negligence, and strict liability against Doskocil.  It is not a consolidated pleading with the remaining claims in the '700 Case.  In other words, there remain two separate (though consolidated) cases with their own operative complaints, and the SAC filed at Docket No. 135 should contain the case number 2:15-cv-589.  Also, the caption of the SAC lists Plano as a Defendant, but Plano is not listed as a party in the body of the SAC, and the Court perceives this to also be an error in the caption of the SAC.

2010)).  The '589 Complaint indicated that the injury occurred on August 9, 2012. (*See* Compl. ¶ 10, ECF No. 111-3 in Case No. 2:14-cv-700).  The '589 Complaint was filed on November 17, 2014. (*Id.* 1).  The statute of limitations for personal injury or wrongful death actions in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e).  Because the affirmative defense of the statute of limitations appeared on the face of the '589 Complaint, the Court granted the motion to dismiss.  However, because Plaintiff argued that she did not discover the defective condition of the case until within two years of when she filed the lawsuit, the Court gave her permission to amend to allege facts that would support tolling.

  Plaintiff has filed the SAC, alleging that she did not discover the defective nature of the case until sometime after April 2013 when her criminal defense attorney retained an expert to evaluate the case and opined that it was defective, and that defect was the cause of her injuries. (*See* Second Am. Compl. ¶¶ 20–22, ECF No. 135 in Case No. 2:14-cv-700).  Defendant argues that the discovery rule does not apply to Nevada Revised Statutes ("NRS") section 11.190(4)(e), which governs the personal injury claims in this case.  Defendant notes that certain sections of the statute specifically apply the discovery rule, *see* Nev. Rev. Stat. § 11.190(2)(d) (deceptive trade practices), (3)(b) (waste or trespass of real property), (3)(d) (fraud), (3)(e) (bank fraud), and that the rule's absence from other sections of the statute, such as (4)(e) (personal injury or wrongful death) should therefore be read as purposeful, *see State Dep't of Taxation v. DaimlerChrysler*, 119 P.3d 135, 139 (Nev. 2005) ("[O]missions of subject matters from statutory provisions are presumed to have been intentional.").

  More directly, Defendant notes that the Nevada Supreme Court has expressly rejected that the discovery rule applies to claims governed by NRS section 11.190(4)(e) in an unpublished opinion for precisely the reasons argued above. *See Dreyer-Lefevre v. Morissette*,

1  2011 WL 2623955, at *2 (Nev. July 1, 2011) ("Therefore, we conclude that the discovery rule does not apply to a cause of action that NRS 11.190(4)(e) controls."). As an unpublished opinion, *Dreyer-Lefevre* is not controlling authority, nor should it be cited as persuasive authority, because it did not issue on or after January 1, 2016. *See* Nev. R. App. Proc. 36(c)(2) (2016). But the Court finds Defendant's argument to be independently persuasive. There would be no need for the Nevada Legislature to explicitly provide for a discovery rule as to four particular limitations periods if it were presumed that the rule applied to any and all limitations periods. A universal application of the discovery rule would render those four provisions superfluous, a result that is anathema to statutory interpretation. Indeed, the statute of limitations for personal injury or wrongful death actions against healthcare providers in particular incorporates a discovery rule, *see* Nev. Rev. Stat. § 41A.097(1), a provision that would be rendered superfluous by a discovery rule generally applicable to all personal injury and wrongful death actions.

Plaintiff argues in response that the Nevada Supreme Court has extended the discovery rule to product defect cases generally. But in the case Plaintiff cites in support, *Oak Grove Inv'rs v. Bell & Gossett Co.*, 668 P.3d 1075 (Nev. 1983), the cause of action at issue was damage to real property, the statute of limitations as to which was then provided by NRS section 11.220. *See id.* at 621–23.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 139 in Case No. 2:14-cv-700) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in case number 2:15-cv-589, enter a copy of the judgment in case number 2:14-cv-700, and close case number 2:15-cv-589.

IT IS SO ORDERED.

DATED: This 12th day of April, 2016.

_____
ROBERT C. JONES
United States District Judge